Okay, our next case this morning is O'Neal v. Reilly, and we have Mr. Shoup for the appellant. Uh, Mr. Shoup, you're muted. I'm so sorry, Your Honor. It's actually pronounced Dublin Scope, Your Honor. Scope. Okay, I'm sorry. Thank you. Thank you. May it please the Court? Dublin Scope on behalf of the appellant, Harry O'Neal. The question presented is whether it was proper for the District Court to dismiss, with prejudice, claims that never existed. Mr. O'Neal's claims did not exist because when he filed his lawsuit back in November of 2015, his claims did not exist because he was still subject to a criminal conviction for the assault of a police officer, namely Defendant Reilly. The claims that Mr. O'Neal's lawsuit was attempting to bring did not exist and could never exist unless or until Mr. O'Neal's underlying state court criminal conviction was vacated by the appellant. Let me tell you what I see as the problem that you have here. So you're right that under HEC the practice would have been to, the right thing to do would be to dismiss this without prejudice because his cause of action had not yet accrued. However, this was a Rule 41 dismissal, and even if it was harsh on a pro se litigant, he didn't appeal it. And more than a year lapsed, and essentially what's happening here, and more than a year lapsed after, you know, there was plenty of time after he was aware of the dismissal with prejudice that he knew of the court's order. So my problem here is that it seems to me, like putting aside the fact of whether you raise the Rule 60 motion in your initial brief, the Rule 15 motion, or waived it by not bringing it up until your reply, it seems to me that your problem here is that you're essentially, if you were even allowed to make a Rule 60 motion, you would be using it to circumvent your client's failure to appeal the Rule 41 dismissal. Your Honor, I anticipated this question, Your Honor, obviously, and my bottom line response for you would be this. That when Judge Kendall entered the Rule 41, there were two specific issues that were going on. One, there was already a signal that Mr. O'Neill was not actually receiving actual notice, as the circuit court has always required, actual notice of a possibility of a Rule 41 involuntary dismissal. Mr. Scope, let's assume that the court agreed with you that the Rule 41 dismissal was an abuse of discretion. The fact remains that he did not appeal after he received notice of the case having been dismissed with prejudice. That's really the problem here. But the problem is that he would have, there are two, actually two, what I would consider two benchmarks. He would have had 30 days from the entry of the Rule 41 dismissal to appeal directly. He wanted to, he could have tried to file a Rule 60B within a year. The problem is, Your Honor, he never had actual notice of any of these, and he did not find out until at least at the earliest, about December of 2017 or early January 2018, that the case had been dismissed. So he was never going to be able to timely appeal either shortly after the dismissal back in June of 2016 or a year later within June of 2017. So that's a fact. But he didn't file a Rule 60 motion at that point either. I'm sorry. So you went up against, he didn't, so then I think your argument is that he may have had a Rule 60 motion for excusable neglect given that he'd been incarcerated and perhaps not had earlier notice of the district court's decision. Then the fact remains he didn't file a Rule 60 motion on grounds of excusable neglect. And even if we treat your brief as a Rule 60 motion, it was more than a year later. Well, Your Honor, he couldn't be, he could never have been in a Rule 60B-1 motion because he only had a year to do it, and he never even found out about the dismissal until well past the year. So that's why I would take the position his only option, his only vow for relief would have been 60B-6, not 60B-1. And so he filed a direct appeal by filing a notice of appeal back in June, within 30 days of June 26th of 2016. The problem is the very, this has always been the very problem with this case, Your Honor. He was a pro se incarcerated litigant in prison because of the underlying misconduct of the defendants. Held hostage, essentially unable to get any information about his case even after he affirmatively updated the court. This is where I am, this is my location, and he's waiting for a cue because- He was represented by you at that point, and so he doesn't get the benefit of the liberal construction of his pleadings, and you didn't invoke Rule 60. I'm not sure why you chose to call it a motion to reinstate or a motion to amend under Rule 15, but he wasn't pro se at that point. Well, Your Honor, there are a couple different things that were going on with Judge Kendall's decision. First and foremost, he said he never appealed it back when, and frankly, regardless, the case law is fairly clear. Regardless of however we labeled the motion, however we labeled it, it was clear after the point that the timeline for him to file a notice of appeal had expired. The motion had to be treated as a Rule 60B motion. Well, I'm not sure that the case law is quite as clear as you say it is, but why didn't you label it as a Rule 60 motion? Your Honor, candidly, when I reviewed- I'm sorry, Your Honor. No, you're still there. Can you still hear us? Yeah, I can hear you, Your Honor. Sometimes the phone icon comes up. I apologize. When I reviewed the matter, Your Honor, the defendants had already filed initially a motion to dismiss the case saying there is no claim. So when I'm reviewing this, we moved to reinstate the case believing we can't reinstate the case unless the judgment is vacated. The very basis originally was, listen, there is no cause of action because of hack. Hack is no longer an issue because Mr. O'Neill is now not only out, but his criminal conviction has been vacated. It's been trying to reopen the case within a year of the vacation of the criminal conviction. So it's clearly within one year or two years statute of limitations, and he can't proceed with the case unless it's vacated. And the facts on their very face established good cause because originally he had no cause of action because of the hack bar. Well, now the hack bar has been vacated. And frankly, I also made very clear that one of the reasons that there was no barrier to him being able to prosecute the case because he's no longer in prison. That has always been the quintessential problem with this entire situation. Mr. O'Neill never had notice of anything. And that's why it's patently unjust to allow the situation to go on, because frankly, the defendants are going to get the benefit of their misconduct because he couldn't participate. Had he shown up on June 26th, 2016 for Judge Kendall's original order, just three days after the DWP was when this initial staff conference was going to be held. Had Mr. O'Neill been able to get on a phone at the IDOC, phone in, the response would have been either a dismissal without prejudice or a stay of the case, either or based on the Seventh Circuit authority. But it was never going to be a dismissal for want of prosecution, not an involuntary dismissal under Rule 41. And to allow this circumstance for this judgment, these circumstances, that's just patently unjust under Rule 60B-6. Particularly since Mr. O'Neill never, before he had any lawyer, ever could have appealed, timely appealed within 30 days of the DWP or filed a Rule 60 motion, however you want to label it, within a year of the DWP. It was just physically impossible for him to do it. And more to your, and another point to your question, Your Honor. You are into your rebuttal time, did you want to reserve any? I'll reserve the time, Your Honor. Okay. Thank you. Mr. Corrigan, you're up next. Thank you, Your Honor. May it please the Court. I will be addressing the issue of whether there's a waiver of the arguments that were not raised until the reply brief and the question of whether the Court abused its discretion in failing to deem the Rule 15 motion to be filed under Rule 60. And I have to tell the Court that there is an error in the briefs of both sides with respect to the standard of review by the Court. The initial question of whether the Court erred in not considering the Rule 15 motion to be filed under Rule 60 is, as we said, reviewed for abuse of discretion. The finding of waiver, according to the Court in this Court in Baker v. Lindgren, 856, Fed 3rd, 498, indicated that the waiver question is reviewed with the Court considering the facts on which waiver is found to be reviewed for clear error and the legal question about whether that constitutes waiver to be reviewed de novo. And so I want to clear that up, that we were both incorrect in that regard. The initial pleading, which the Court did not consider to be filed under Rule 60, not only didn't invoke Rule 60, it made no arguments as to the standards under Rule 60, suggested that there was no, had no suggestion that there was a reason to set aside the dismissal for one of prosecution. Had just a simple line, we want to reinstate this, citing no cases that involved a post-trial motion, only authority that was cited dealt with the question of amending pleadings. The Court did not abuse its discretion in considering the motion to be what the plaintiff claimed it was, a motion to amend the complaint. The secondary question, the question of whether or not the Court erred in finding the waiver, the arguments that the plaintiff made that there was the factual claim that he had no notice of the filings was raised for the first time in the reply. The argument that the Court erred in setting aside, in dismissing with prejudice for one of prosecution was raised for the first time in the reply. The standards for Rule 60 were waived for the first time in the reply, or stated for the first time in the reply. The claim that there was extraordinary circumstances justifying relief under Rule 60 was raised for the first time in reply. The Court did not commit clear error in making the findings of these arguments were raised for the first time in the reply. The record is clear on this point. The factual issue, or the legal issue, which the Court reviews de novo is whether or not a party waives arguments when they don't make them until the reply. That's black-letter law. The Court did not err in making the finding that this constituted a waiver. So the waiver is clear on this record that a party who essentially deprives its adversary of an ability to respond to its arguments by not raising those arguments until reply has waived the arguments. And for that reason, we believe that the arguments here have been waived. And Ms. Harrington will address the issues of whether or not the motion was timely and whether the Court erred in finding that it failed on the merits. Thank you, Mr. Corrigan. Ms. Harrington? Thank you, Your Honor. In that regard, what I want to do is address one issue I think that Mr. Shoup brought up. And he specifically made a statement, I think, where he was referencing that the case would have been completely gone because of the motions to dismiss. And I think that's a little misleading because in regards to specifically my client, for instance, my client, Mr. Backe, had only a partial motion to dismiss based on HAC. There actually would have been a claim that would have survived or would have gone on past that motion to dismiss stage. The point being is the plaintiff appellant abandoned his claim at that juncture. And what we know, and I think if we look at the order that Judge Kendall wrote and relied upon in the record, or those facts that you relied upon in the record, is there are specific things. We have a complaint. We have a 12-count complaint that survived a 1915 review that had multiple counts that survived, I believe four different counts, establishing that he was pretty well versed for a pro se complaint or pro se plaintiff to be able to establish four separate claims that could survive, that he was knowledgeable enough to file this complaint within the statute of limitations, three days before the statute of limitations expired, that he proceeded to be knowledgeable enough to contact the court to advise the court that his location was going to change. These were factors that were important to the court because it showed the court that the plaintiff appellant understood that he had an ongoing obligation. But yet in this circumstance, the plaintiff appellant fell off the face of the planet. There wasn't letters. There's routinely contact by letter from individuals who are incarcerated to the clerk. And this just did not happen in this case. And what we do know, there was a complete lack of contact from March 3rd of 2016, when he contacted the court or the clerk's office to provide his new address. And until I believe December of 2017, when he had contacted the clerk and then was advised of the dismissal. And the court took that information and relied upon that information. And as a result, said, look, with this information, what I know, this is not exceptional circumstances that warrants relief under Rule 60. And because of that, no, I am not going to grant that relief that's being requested. And without that, there just simply isn't a, to me, or just simply isn't a, doesn't reach that level, let's say, that reaches that level of exceptional circumstances that warrants that type of relief in this case. In regards to the standard, obviously, it's an abuse of discretion standard. And simply, the plaintiff, Paul, in this case, just has not provided the court any information to suggest that there's been any abuse of discretion in the ruling. I believe that the order provides a well thought out reasoning that is supported by case law and simply does not provide a reasonable justification for an overruling of that decision. In addition, we know that plaintiff is also talking about how Rule 60B6 should apply. And we go through, obviously, the briefs are very long in this case. And I know that all of you have reviewed them thoroughly. Ms. Harrington, your time has expired. Okay. Wrap it up. I would just say, under these circumstances, clearly, this is a well thought out decision that the circumstances were, there's no unusual circumstances here. A judge has the right to control her docket. The judge has the right to enter orders and expect that they be followed. And in this case, that's what she did. And I believe she has the right to have them followed. Thank you, Ms. Harrington. Mr. Scope? Your Honor, I'll limit my reply to a true reply. In reverse order, with respect to what Ms. Harrington said, there was a suggestion that her client only filed a partial motion to dismiss and, therefore, my client's claims would still could have proceeded, notwithstanding. That's, I'm not, and she didn't reference which claims would or would not survive. I don't think that that's entirely accurate, particularly given the fact that Mr. O'Neill raised a malicious prosecution claim, which he clearly couldn't have raised because of the underlying criminal conviction. He certainly couldn't raise, pursue his manual unlawful detention claim because, again, he was still incarcerated and still subject to a conviction. And, frankly, and as a practical matter, while, yes, technically he might have been able to proceed with his excessive force claim, the legal, the practical reality is it would have been almost impossible for him to prevail on the merits because he would have been subject to Gilbert instructions, Cook versus, Gilbert versus Cook, where he couldn't deny that he was the initial aggressor and things of that nature. So, practically speaking, he didn't have a cause of action until the HEC bar was no longer an issue. Now, with respect to the waiver issue, Your Honor, Mr. Corrigan said that I waived or Mr. O'Neill waived any arguments about being able to address whether or not Rule 60 had been satisfied. The reality is, is that the waiver argument has to be narrowed to the context of what was argued in the reply. The substance of what I had said in the reply truly was no different in the sense that the facts as alleged in the motion to reinstate on their face are exceptional. The defendants knew that the whole basis for their original attempt to dismiss the case was a HEC bar. The HEC bar no longer exists. The defendants knew that Mr. O'Neill might not be getting notice of things. Mr. Scope, your time has expired. Thank you, Your Honor. Thank you very much. The case is taken under advisement.